[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This action is a tax assessment appeal challenging the Danbury tax assessor' s revaluation of property located at 39 Old Ridgebury Road, Danbury, Connecticut. The tax appeal contests Danbury's October, 1999 assessment of the property.
The following facts are undisputed. The plaintiff, Union Carbide Corporation, is the lessee of the property under a sale-leaseback arrangement, finalized in December, 1986, in which the plaintiff sold the property and subsequently leased the property from the purchaser. Under the terms of the lease, the plaintiff is required to pay property taxes assessed by the defendant, the City of Danbury. On October 1, 1999, the defendant revalued and assessed all taxable property located in the city. The plaintiff's property was revalued at $232 million and assessed at 70 percent of the value at $162,490,000.
The defendant hired Leary Counseling and Valuation, Inc. (Leary) to appraise the value of the plaintiff's property. In assessing the property, the defendant adopted the recommended value determined by Leary. Because the property was an income producing property, Leary used an income capitalization approach in its appraisal. Leary determined that the fee simple value range of the property under the income approach was $145 million to $150 million. Leary added a range of $81 million to $87 million, consisting of excess contract rent, to the fee simple value CT Page 3132-ae range.[1] Leary used the combination of the fee simple value range and the excess contract rent in determining a property value range of $231 million to $232 million. The assessor of Danbury adopted a value of $232 million for the property, based on Leary's appraisal.
The plaintiff appealed the decision of the assessor to the Danbury Board of Assessment Appeals. The plaintiff claimed that the assessor improperly determined the true value of the property. The value of the property was not reduced by the board of assessment appeals, and the decision of the assessor was upheld. The plaintiff subsequently filed this appeal with the court.
The plaintiff now moves for summary judgment on the ground that the defendant taxed excess contract rent as a part of the property, and as a matter of law, excess contract rent is not properly taxable as real property. The effect of granting the plaintiff's motion would be a reduction of $87 million in the revaluation of the property, due to the removal of the excess contract rent from the value. In its support of its motion, the plaintiff asserts that the sole issue before the court is not whether the defendant correctly determined the excess contract rent, but whether the defendant had a right to value excess rent at all. (Plaintiff's Memorandum, p. 8.)
"Practice Book . . . § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." (Citations omitted.) Miles v. Foley, 253 Conn. 381, 385-86,752 A.2d 503 (2000).
In support of its motion for summary judgment, the plaintiff argues that Leary first determined the value of the property to be $145 million to $150 million, and subsequently added the excess contract rent to the fee simple value. The plaintiff's principal argument is that the defendant does not have the authority under General Statutes § 12-63b
to add excess rent to the determined value of a property. CT Page 3132-af
General Statutes § 12-63 requires that town assessors, when determining the true and present value of a property, must base the valuation on the fair market value of the property. Section 12-63b[2]
sets forth three approaches that assessors must consider, if applicable, in ascertaining the fair market value of income producing property such as the plaintiff's. In the present case, Leary used the reproduction or replacement cost method and the income capitalization method in its appraisal of the property. The final value of the property was determined utilizing the income capitalization approach to value pursuant to General Statutes § 12-63b (a)(3) and (b). Leary's income approach accounted for the fee simple value and the excess contract rent on the property.
"Appraisers distinguish between contract rent and market rent in analyzing income [capitalization]. Market rent is used to value a fee simple estate." Appraisal Institute, The Appraisal of Real Estate (10th Ed. 1992) p. 420.[3] According to the plaintiff, Leary, in its income capitalization approach, first determined the fee simple value of the estate using the market rent. (Plaintiff's Memorandum, Exhibit 1, Attachment 1.) Leary then added the capitalized value of the excess rent to the calculated fee simple value. (Plaintiff's Memorandum, Exhibit 1, Attachment 1.) The plaintiff misconstrues the reasoning for the separate calculations of capitalization of the market rent and the excess contract rent. "[D]ue to the higher risk associated with the receipt of excess rent, it is often calculated separately and capitalized at a higher [capitalization] rate." The Appraisal of Real Estate, supra, p. 435.
An assessor is required to consider the actual rental income as well as the market income when appraising a property under the income capitalization approach. General Statutes § 12-63b (b). "Since fair market value is generally said to be the value that would be fixed in fair negotiations between a desirous buyer and a willing seller . . . it cannot be said, either in law or logic, that the actual income accruing to the [property owner] is not a significant factor to be considered in determining what a third party would pay to acquire the property. . . . Indeed, in determining value, the trier is under a legal compulsion to consider everything that might legitimately affect value." (Citations omitted; internal quotation marks omitted.) Uniroyal, Inc. v. Board ofTax Review, 174 Conn. 380, 390, 389 A.2d 734 (1978). The plaintiff submitted proof showing that Leary used and the defendant eventually adopted the income capitalization approach in valuing the property. (Plaintiff's Memorandum, pp. 2-3.)[4] Therefore, the court holds that in the present case, the defendant, in its application of the income capitalization approach to market value, was required to consider the CT Page 3132-ag excess contract rent in addition to the fair market value rent of the property.
In conclusion, the court finds that as a matter of law the defendant had a right to value the excess contract rent in the valuation of the plaintiff's property. Section 12-63b (b) unequivocally states that the actual rent received is to be considered in the determination of an income producing property's value. The plaintiff's motion for summary judgment is accordingly denied.
White, J.